IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY JOSEPH SEEBOTH,<br><br>    Petitioner,<br><br>  vs.<br><br>STEPHEN MAYBERG, et al.,<br><br>    Respondents.<br>_____/ | No. CIV S-10-2875-MCE-CMK-P<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

        Petitioner, a state prisoner proceeding pro se,[1] brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a civil commitment order.  Pending before the court is respondents' motion to dismiss (Doc. 9).

        In the instant petition, petitioner challenges various state court judgments continuing his civil confinement as a sexually violent predator.  Specifically, he challenges orders allowing for his confinement from 2001 through 2010.  Respondent argues that, as to the period 2001 through 2007, the current petition is successive of a prior petition challenging the same time period, and as to the period after 2007, petitioner must file a separate petition because

---

[1] Petitioner is confined as a sexually violent predator.

1

separate state court judgments cover this latter period of time.

The court takes judicial notice of petitioner's prior petition in <u>Seeboth v. Mayberg</u>, CIV-S-08-0287-JAM-CMK-P, in which petitioner challenged his civil commitment over the time period 2001 through 2007.[2] That petition was denied on the merits on January 14, 2009, and the matter is currently pending on appeal. To the extent petitioner challenges civil commitment judgments for this same time period in the current petition, respondents are correct that the current petition is successive. Petitioner must first seek leave of the Ninth Circuit Court of Appeals before proceeding again in this court on claims relating to the 2001 through 2007 time period. <u>See</u> 28 U.S.C. § 2244(b)(3). In the absence of proper authorization from the Court of Appeals, the district court lacks jurisdiction to consider a second or successive petition and must dismiss it. <u>See</u> <u>Cooper v. Calderon</u>, 274 F.3d 1270 (9th Cir. 2001) (per curiam).

To the extent petitioner wishes to proceed in this current action with claims relating only to the time period 2007 through 2010, the court does not agree with respondent that a new petition must be filed. The court herein recommends that any claims relating to the time period 2001 through 2007 be dismissed as successive of the prior petition. Thus, no separate petition would be required for claims relating to the 2007 through 2010 time period because such claims would be the only claims remaining in the current action.

/ / /

/ / /

/ / /

/ / /

/ / /

---

[2] The court may take judicial notice pursuant to Federal Rule of Evidence 201 of matters of public record. <u>See</u> <u>U.S. v. 14.02 Acres of Land</u>, 530 F.3d 883, 894 (9th Cir. 2008). Thus, this court may take judicial notice of state court records, <u>see</u> <u>Kasey v. Molybdenum Corp. of America</u>, 336 F.2d 560, 563 (9th Cir. 1964), as well as its own records, <u>see</u> <u>Chandler v. U.S.</u>, 378 F.2d 906, 909 (9th Cir. 1967).

Based on the foregoing, the undersigned recommends that:

1. Respondents' motion to dismiss (Doc. 9) be granted;

2. All claims relating to the time period 2001 through 2007 be dismissed as second or successive, such dismissal to be without prejudice to pursuing those claims if leave from the Ninth Circuit Court of Appeals is obtained; and

3. This action proceed on petitioner's claims relating to the time period 2007 through 2010.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  June 22, 2011

                                                                 **CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE