IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIMOTHY JOSEPH SEEBOTH,

    Petitioner,                      2: 10 - cv - 2875 MCE TJB

    vs.

STEPHEN MAYBERG, et al.,

    Respondents.                  FINDINGS AND RECOMMENDATIONS

## I. INTRODUCTION

Petitioner, Timothy Joseph Seeboth, is under an order of civil commitment and is proceeding with a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner raises the following claims in this federal habeas petition: (1) "Petitioner was deprived of his substantive due process rights by not being brought to trial in a meaningful and timely manner which is a constitutional violation of the Fourth and Fourteenth Amendment of the United States Constitution" (Pet'r's Pet. at p. 4.) ("Claim I"); and (2) "Petitioner was deprived of his equal protection rights under the Fourteenth Amendment of the United States Constitution in having a delineated time frame in which trial must take place" (Id. at p. 6.) ("Claim II"). For the following reasons, the habeas petition should be denied.

//

## II. FACTUAL AND PROCEDURAL BACKGROUND

> [Petitioner's] prior criminal history involving deviant sexual acts with children . . . extends back to 1965. It includes 20 criminal charges and 9 prior convictions. Defendant admits to having victimized 16 children.
>
> In 1965, defendant was placed in the DeWitt State hospital at the age of 20. His mother sent him there after discovering pornographic materials and discovering defendant was having a sexual relationship with a 12-year-old boy.
>
> Also in 1967, Defendant pled guilty to a charge of lewd conduct under Penal Code section 647, subdivision (a), arising out of sexual contact with an eight-year-old girl, a nine-year-old boy, and a ten-year-old girl. Defendant took nude photographs of the eight-year-old girl and unsuccessfully attempted to entice the ten-year-old to allow him to take her picture nude. While wrestling with the nine-year-old boy, defendant took off the boy's clothes, threw them in the corner and took the boy's picture as he tried to get his clothes.
>
> In 1973, defendant molested four more children - three boys - ages six, four, three, and one girl - under two years old - by taking nude pictures of them, touching them and engaging in oral copulation. He was convicted of child molestation and sentenced to prison in Arizona for two to ten years. Defendant was paroled in 1977.
> In 1980, defendant attempted to sell films of child pornography to an undercover officer and was convicted of sale of obscene materials (Pen. Code, § 311.2, subd. (a).)
>
> In 1983, defendant pleaded guilty to five counts of having engaged in lewd or lascivious conduct with children under the age of 14 in violation of Penal Code section 288, subdivision (a). Four of the counts involved conduct with a seven-year-old girl, including bathing her, inserting things into her vagina and anus, oral copulation, and requiring her to masturbate him. In the twelfth count, the victim was a five-year-old boy. This count alleged that defendant masturbated the boy by rubbing lotion on his penis. Defendant was sentenced to 21 years in prison for these crimes. After his release in 1994, defendant violated his parole in August 1995 by possessing child pornography.

People v. Seeboth, No. C037185, 2002 WL 31888038, at *1 (Cal. Ct. App. 3d Dist. Dec. 30, 2002) (hereinafter Seeboth I).

In September 1997, a jury found Petitioner to be a sexually violent predator (SVP) pursuant to the Sexually Violent Predatory's Act, CAL. WELF. & INST. CODE §§ 6600 et seq.

1  This first commitment was set to expire on September 9, 1999.  Prior to the expiration of this

2  first commitment, the government filed a new petition to extend Petitioner's commitment.

3  Ultimately, Petitioner was recommitted for two more years or until September 2001.

> In August 2001, a petition was filed to extend [Petitioner's] commitment as a sexually violent predator (SVP) from September 2001 to September 2003.  In March 2003, a jury was unable to reach a unanimous verdict on the petition, and a mistrial was declared.  In July 2003, a petition was filed to extend the commitment from September 2003 to September 2005.  The People's motion to consolidate the two petitions was granted.  In April 2005, a jury found to be true the allegation that, by reason of a diagnosed mental disorder, defendant is an SVP within the meaning of Welfare and Institutions Code 6600, subdivision (a).  Based on the jury finding, [Petitioner's] commitment to the Department of Mental Health was extended to September 2005.

People v. Seeboth, No. C049683, 2007 WL 678724, at *1 (Cal. Ct. App. 3d Dist. Mar. 7, 2007) (hereinafter Seeboth II).

In May 2005, the government filed an amended petition to extend Petitioner's commitment as an SVP.  (See Resp't's Lodged Doc. 5.)  In February 2006, the California Superior Court determined that there was probable cause to believe that Petitioner was likely to engage in sexually violent predatory criminal behavior upon his release and ordered Petitioner to remain in custody.  (See Resp't's Lodged Doc. 6.)

As explained infra, in 2006, the SVPA was amended changing commitment terms for SVP's from two-year periods to an indefinite period.  See People v. McKee, 47 Cal. 4th 1172, 1186-87, 104 Cal. Rptr. 3d 427, 223 P.3d 566 (2010) (explaining the change in the SVPA due to the 2006 amendment).  Petitioner ultimately received a trial on the 2005 petition in 2010 whereby the jury found him to be an SVP and the trial court ordered Petitioner committed for an indefinite term.  (See Resp't's Lodged Doc. 15.)

In November 2008, Petitioner filed a state habeas petition in the Sacramento County Superior Court.  Petitioner asserted that his equal protection and due process rights were violated due to the delay in not bringing him to trial on the amended petition to extend Petitioner's

3

commitment that was filed by the government in 2005. The Superior Court denied the state habeas petition January 9, 2009 and stated the following:

> Petitioner is currently housed at Coalinga State Hospital on an Sexually Violent Predator ("SVP") commitment. He is apparently awaiting trial on a petition for the period of September 10, 2005 to September 9, 2007. Petitioner complains that his equal protection rights have been violated because he is not afforded the right to a timely trial in the same manner as other persons under long-term civil commitment. In addition, he claims that his due process right to a timely trial has been denied.
>
> I. Equal Protection Claim
>
> A petitioner seeking relief by way of habeas corpus has the burden of stating a prima facie case. (In re Bower (1985) 38 Cal.3d 865, 872.) A petition for writ of habeas corpus should attach as exhibits all reasonably available documentary evidence or affidavits supporting the claim. (People v. Duvall (1995) 9 Cal.4th 464, 474.).) Different rules for similarly situated persons may violate equal protection. (See In re Bender (1983) 149 Cal.App.3d 380, 386). The first requirement for an equal protection claim is "a showing that 'the state has adopted a classification that affects two or more similarly situated groups in an unequal manner.'" (People v. Hubbart (2001) 88 Cal.App.4th 1202, 1217; citations omitted.)
>
> Petitioner claims that he has been denied equal protection of the laws in other persons under long-term civil commitment have a right to a statutorily delineated time for trial, whereas persons committed under the SVP Act are not. However, Petitioner has not shown that he is similarly situated to the other types of long-term civil commitments. In addition, Petitioner has not shown that SVPs are affected in a different manner. As he points out, People v. Litmon (2008) 162 Cal.App.4th 383 recognizes that persons committed under the SVP act do have certain due process rights to a timely trial.
>
> II. Due Process Claim
>
> Petitioner contends that his due process rights to a timely trial on his SVP petition have been violated in that he is still awaiting trial on the petition covering the period after September 10, 2005. Petitioner has not described any of the facts that have led to the delay in the trial or shown that he has ever asserted his right to a timely trial and/or objected to any delay in trial. Therefore, he has not shown that he is entitled to any relief.

(Resp't's Lodged Doc. 16 at p. 1-2.) Petitioner then filed a state habeas petition in the California Court of Appeal which raised the same two issues as were raised in the November 8, 2008

4

petition denied by the Sacramento County Superior Court.  The California Court of Appeal denied this petition as follows:  "The petition for writ of habeas corpus is denied.  (See <u>In re Barnett</u> (2003) 31 Cal.4th 466, 476-77; <u>People v. Duvall</u> (1995) 9 Cal.4th 464, 474.)  (Resp't's Lodged Doc. 17.)

Next, Petitioner filed another state habeas petition in the Sacramento County Superior Court in January 2010.  Petitioner argued in that petition that his due process rights were violated because the SVPA as applied to him deprived him of the right to be heard within a meaningful time.  Petitioner also asserted that his counsel was ineffective when he failed to secure a trial within a meaningful period of time.  The Superior Court denied this petition without prejudice by stating the following:

> It is hereby ordered that the petition is denied without prejudice to Petitioner raising the issue in an appropriate motion in the proceedings pending in Case No. CR 66404.
>
> It is further ordered that the clerk of court is directed forthwith:  (1) give notice of this order to Petitioner, the Sacramento County District Attorney, and Michael Aye (Petitioner's counsel in Case No. CR 66404); and (2) place a copy of this order in the file for case No. CR 66404.
>
> A petitioner must exhaust statutory remedies available before filing a petition for writ of habeas corpus.  (<u>In re Clark</u> (1993) 5 Cal.4th 750, 764, fn. 3.)  A person committed under the SVP Act with a pending petition to extend the commitment may file a motion to dismiss on the grounds of excessive delay.  (See <u>People v. Litmon</u> (2008) 162 Cal.App.4th 383.)  A defendant wanting to discharge appointed counsel must be substituted.  (<u>People v. Marsden</u> (1970) 2 Cal.3d 118.)
>
> Petitioner is incarcerated at Coalinga State Hospital on a Sexually Violent Predator ("SVP") commitment.  He is currently awaiting trial on a petition for an indeterminate term under the SVP Act.  Petitioner now claims that the failure to bring him to trial in the SVP matter violates his substantive due process rights.  In addition, he claims that his attorney's failure to assert his right to timely trial constitutes ineffective assistance of counsel.  Although Petitioner claims there is no other remedy available to him, he may make a motion to dismiss the SVP proceedings pursuant to <u>Litmon</u>.  He may also file a written <u>Marsden</u> motion.  As trial remedies are available to address Petitioner's claims, he has not shown that he is entitled to habeas relief.

5

(Resp't's Lodged Doc. 18 at p. 1-2.)

Petitioner then filed another state habeas petition in the California Court of Appeal which raised the two issues he raised in his January 2010 state habeas petition in the Sacramento County Superior Court. The California Court of Appeal summarily denied that petition. (See Resp't's Lodged Doc. 19 at p. 1.)

Next, Petitioner filed a state habeas petition in the California Supreme Court in July 2010. Petitioner asserted two claims in that petition. First, he argued that his substantive and procedural due process rights were violated because he was not given a trial within a meaningful time. Second, he asserted that his equal protection rights were violated because he was not given a trial within a meaningful time. On September 22, 2010, the California Supreme Court denied the state habeas petition, stating, "The petition for writ of habeas corpus is denied. (See People v. Duvall (1995) 9 Cal.4th 464, 474.)

In October 2010, Petitioner filed the instant federal habeas petition. Respondent moved to dismiss this federal habeas petition as second or successive. Petitioner had previously filed a federal habeas petition in 2008. See Seeboth v. Mayberg, 659 F.3d 945 (9th Cir. 2011), cert. denied, No. 11-8716, 2012 WL 425191 (U.S. Apr. 16, 2012). In the motion to dismiss, Respondent asserted that he "raises the same claims in his current petition as those he raised in his federal petition filed on February 7, 2008, but also challenges his most recent commitment as an SVP to an indeterminate term." (Dkt. No. 9 at p. 2-3.). In June 2011, the Magistrate Judge previously assigned to this case recommended that all claims relating to the time period 2001 to 2007 be dismissed as second or successive but that the action proceed on Petitioner's claims relating to the time period from 2007 to 2010. (See Dkt. No. 13 at p. 3.) The District Judge adopted the Magistrate Judge's findings and recommendations on August 30, 2011 and stated that "[t]his action shall proceed on petitioner's claims relating to the time period 2007 through 2010." (Dkt. No. 14 at p. 2.)

Respondent answered the petition in September 2011. Petitioner filed a traverse in

November 2011.

### III. APPLICABLE LAW FOR FEDERAL HABEAS CORPUS

An application for writ of habeas corpus by a person in custody under judgment of a state court can only be granted for violations of the Constitution or laws of the United States. See 28 U.S.C. § 2254(a); see also Peltier v. Wright, 15 F.3d 860, 861 (9th Cir. 1994); Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing Engle v. Isaac, 456 U.S. 107, 119 (1982)). Petitioner filed this petition for writ of habeas corpus after April 24, 1996, thus the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies. See Lindh v. Murphy, 521 U.S. 320, 326 (1997). Under AEDPA, federal habeas corpus relief is not available for any claim decided on the merits in the state court proceedings unless the state court's adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in state court. See 28 U.S.C. 2254(d).

As a threshold matter, this Court must "first decide what constitutes 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Lockyer v. Andrade, 538 U.S. 63, 71 (2003) (quoting 28 U.S.C. § 2254(d)(1)). "'[C]learly established federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision.'" Id. (citations omitted). Under the unreasonable application clause, a federal habeas court making the unreasonable application inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." See Williams v. Taylor, 529 U.S. 362, 409 (2000). Thus, "a federal court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. Although only Supreme Court law is binding on the states, Ninth Circuit precedent remains relevant persuasive authority in

determining whether a state court decision is an objectively unreasonable application of clearly established federal law.  See Clark v. Murphy, 331 F.3d 1062, 1070 (9th Cir. 2003) ("While only the Supreme Court's precedents are binding . . . and only those precedents need be reasonably applied, we may look for guidance to circuit precedents.").

## IV.  ANALYSIS OF PETITIONER'S CLAIMS

### A.  Overview of the SVPA

The California Supreme Court in People v. Superior Court (Ghilotti), 27 Cal. 4th 888, 902-05, 119 Cal. Rptr. 2d 1, 44 P.3d 949 (2002), presented a detailed overview of the SVPA. CAL. WELF. & INST. CODE §§ 6600 et seq.  The original legislation became effective on January 1, 1996 and, "provides for the involuntary civil commitment of certain offenders, following completion of their prison terms, who are found to be SVP's because they have previously been convicted of sexually violent crimes and currently suffer diagnosed mental disorders which make them dangerous in that they are likely to engage in sexually violent criminal behavior." Ghilotti, 27 Cal. 4th at 902, 119 Cal. Rptr. 2d 1, 44 P.3d 949.

The SVPA codifies a process involving several administrative and judicial stages to determine whether a convicted sex offender meets the requirements for civil commitment.  The Department of Corrections screens sex offender inmates at least six months before their scheduled release dates. CAL. WELF. & INST. CODE § 6601(a)(1).  "If officials find the inmate is likely to be an SVP, he is referred to the Department . . . for a 'full evaluation' as to whether he meets the criteria in section 6600." Ghilotti, 27 Cal. 4th at 903, 119 Cal. Rptr. 2d 1, 44 P.3d 949 (citations omitted).  Using appropriate assessment protocols, if at least two practicing psychiatrists or psychologists designated by the Director of Mental Heath concur that the person has a diagnosed mental disorder so that he or she is likely to engage in acts of sexual violence without appropriate treatment and custody, the Director shall forward a request for a commitment petition to the county where the offender was convicted of the predatory sex crime. CAL. WELF. & INST. CODE § 6601(b)-(d).  If the county's legal counsel agrees with the request, a petition for

commitment is filed in the Superior Court  Id. § 6601(I).

"The filing of the petition triggers a new round of proceedings" under the SVPA. Ghilotti, 27 Cal. 4th at 904, 119 Cal. Rptr. 2d 1, 44 P.3d 949 (citation and internal quotation marks omitted).  First, the superior court holds a hearing, at which the alleged predator is entitled to assistance of counsel, to determine whether there is probable cause to believe that the individual is likely to engage in sexually violent, predatory criminal behavior after release. CAL. WELF. & INST. CODE § 6602(a).  If the superior court determines that probable cause exists, the court must order the individual to remain in custody pending a civil commitment trial.  Id.; see Carty v. Nelson, 426 F.3d 1064, 1066-67 (9th Cir.), amended, 431 F.3d 1185, 1186 (9th Cir. 2005) (changing "the San Diego County District Attorney contends" to "the State contends" (internal quotation marks omitted)).  "California's SVPA provides no requirement for when the commitment trial must commence."  See Carmony v. Hunter, Civ. No. 03-927, 2006 WL 3762110, at *13 (E.D. Cal. Dec. 20, 2006), report and recommendation adopted by, 2007 WL 2904090 (E.D. Cal. Oct. 1, 2007).

At trial, the individual is entitled to "the assistance of counsel, to the right to retain experts or professional persons to perform an examination on his or her behalf, and to have access to all relevant medical and psychological records and reports." CAL. WELF. & INST. CODE § 6603(a).  Either party may demand and receive trial by jury.  See id. § 6603(a)-(b).  The trier of fact "shall determine whether, beyond a reasonable doubt, the person is a sexually violent predator."  Id. § 6604.  If it is determined that the person is a sexually violent predator, "the person shall be committed for an indeterminate term to the custody of the State Department of Mental Health for appropriate treatment and confinement in a secure facility designated by the Director of Mental Health."[1]  Id.  Once committed, a person found to be a sexually violent

---

[1] In 2006, Proposition 83 amended the SVPA.  Proposition 83 changed the term of the resulting commitment from two years as mandated under the original SVPA to an indeterminate term.  See People v. McKee, 47 Cal. 4th 1172, 1186-87, 104 Cal. Rptr. 3d 427, 223 P.3d 566

9

predator shall have a current examination of his or her mental condition made at least once every year. See id. at § 6605(a). The examination includes consideration of whether the committed person currently meets the definition of a sexually violent predator and whether conditional release to a less restrictive alternative or an unconditional release is in the best interest of the person. See id. If it is determined that the person is no longer a sexually violent predator, or that conditional release to a less restrictive alternative or an unconditional release is in the best interest of the person, the director shall authorize the person to petition the court for conditional release or unconditional discharge. See id. § 6605(b). The SVPA also provides that a committed person can petition the court for conditional release or unconditional discharge without the recommendation or concurrence of the Director of Mental Health. See id. at § 6608.

In Hubbart v. Knapp, 379 F.3d 773, 781 (9th Cir. 2004) the Ninth Circuit specifically cited to various safeguards within the SVPA which include "requirements that accused sexual violent predators receive diagnoses from two psychiatrists or psychologists, assistance of counsel, and trial by jury on proof beyond a reasonable doubt." It then cited to Kansas v. Hendricks, 521 U.S. 346 (1997) by explaining that the Supreme Court in that case:

> upheld against a due process challenge Kansas' civil commitment statute, which is similar in relevant respects to the SVPA. The Court held that state civil commitment schemes must at a minimum follow "proper procedures and evidentiary standards and require proof of dangerousness plus proof of an additional factor such as a mental disorder.

Hubbart, 379 F.3d at 781. Ultimately, the Ninth Circuit in Hubbart explained that because the California Court of Appeal held that the SVPA satisfied the requirements set forth in Hendricks and there was no United States Supreme Court authority to the contrary, petitioner's due process claims were rejected. See id.

//

---

(2010).

B.  Claim I

In Claim I, Petitioner asserts that his due process rights were violated by the fact that his trial was conducted in 2010.  In light of the previous findings adopted by the District Judge in this case, the period at issue in this findings and recommendations is limited to the period between 2007 to 2010.

With respect to the rights owed to Petitioner, he is entitled to be provided with (1) written notice; (2) a hearing at which evidence is disclosed; (3) an opportunity to be heard; (4) an independent decision-maker; (5) reasoned findings; (6) access to counsel; and (7) effective and timely notice of these rights.  See Carty v. Nelson, 426 F.3d 1064, 1074 (9th Cir. 2005) (explaining what is needed to satisfy due process when a prisoner is facing involuntary commitment to a mental hospital) (citing Vitek v. Jones, 445 U.S. 480, 494-97 (1980)).  As Respondent notes, there is no clearly established Supreme Court precedent requiring that a trial occur within a set time period under the SVPA.  Other cases have so stated.  See Carmony v. Mayberg, Civ. No. 07-2793, 2010 WL 3958648, at *9 (E.D. Cal. Oct. 8, 2010); King v. DeMorales, Civ. No. 08-4984, 2010 WL 4916624, at *17 (C.D. Cal. May 3, 2010) ("The Supreme Court has not addressed whether there is a due process right to a speedy civil commitment trial."), report and recommendation adopted by, 2010 WL 4916623 (C.D. Cal. Dec. 1, 2010).  Thus, Petitioner cannot show that the state court's denial of this Claim was an unreasonable application of clearly established federal law because the Supreme Court has not set forth the governing legal principles in such a situation.  See Lockyer, 538 U.S. at 71 ("[C]learly established federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision.") (internal quotation marks and citation omitted).

On its face, the petition initially might also be construed as raising a speedy trial claim under the Sixth Amendment.  However, Petitioner expressly states in his traverse that he is not bringing a Sixth Amendment speedy trial claim in this federal habeas petition.  (See Pet'r's

Traverse at p. 2 ("Petitioner disagrees with the Attorney General assertions . . . that petitioner made a 'speedy trial' claim under the Sixth Amendment.")  Thus, as Petitioner has expressly stated that he is not bringing a Sixth Amendment argument, no further analysis is required on this point.  Nevertheless, it is worth noting that no Supreme Court authority establishes the right to a speedy trial in civil commitment proceedings.  See Allen v. Illinois, 478 U.S. 364, 371-72 (1986) (holding full panoply of rights afforded criminal defendants under Constitution are not applicable to civil commitment proceedings); United States v. Budell, 187 F.3d 1137, 1141 (9th Cir. 1999) (noting because commitment hearing is civil matter, constitutional rights to which defendant in criminal trial is entitled do not adhere to commitment hearing); United States v. Perry, 788 F.2d 100, 118 (3d Cir. 1986) ("The speedy trial clause deals with the timeliness of criminal prosecutions, not civil commitment proceedings.").

Accordingly, for these stated reasons, Petitioner is not entitled to federal habeas relief on Claim I.

C.  Claim II

In Claim II, Petitioner asserts that his equal protection rights were violated due the fact that his commitment trial commenced in 2010.  As previously indicated, in light of the previous procedural history of this case, the period of delay that remains to be analyzed is the period between 2007 and 2010.  Petitioner asserts that:

> the right to trial within a meaningful time, and the disparities between the way California provide for trial(s) prior to the expiration date of the person(s)' commitment(s) for some groups [Mentally Disordered Offender and Not Guilty by Reason of Insanity Offenders] and allows another group (SVP's) to wait years for their judicial determination(s) is contrary to United States Supreme Court case law.

(Pet'r's Mem. P. & A. Supp. Pet. at p. 29.)  In the answer, Respondents assert that Petitioner has failed to exhaust this Claim.  More specifically, Respondent argues that:

> It does not appear that Petitioner raises any equal protection claim based on his current indeterminate term, which is at issue in this case.  Petitioner certainly does not raise any factual allegations or

12

> legal support for such a claim. Even if this Court construed the petition to raise such a claim, Petitioner has not exhausted an equal protection challenge to his indeterminate term in state court. Thus, his claim fails for failure to exhaust.

(Resp't's Answer at p. 12.) However, as Petitioner makes clear in his traverse, his equal protection claim does not relate to the ultimate indeterminate term he received in 2010. Instead, his "petition deals with the denial of the Fourteenth Amendment Rights when it comes to trial within a meaningful time." (Pet'r's Traverse at p. 6.) Thus, the issue is whether the gap between 2007 and 2010 (when he was ultimately tried and committed to an indeterminate term) violated his equal protection rights, not the fact that he ultimately was committed to an indefinite term at the 2010 trial.

Exhaustion requires that the federal claim be fairly presented to the state's highest court to which the appeal is available. See Cooper v. Neven, 641 F.3d 322, 326 (9th Cir. 2011) (citing O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Picard v. Connor, 404 U.S. 270, 275 (1971)). Petitioner raised his equal protection claim in his state habeas petition filed in the California Supreme Court. (See Resp't's Lodged Doc. 20 at p. D-E.) However, the California Supreme court denied the state habeas petition citing to People v. Duvall, 9 Cal. 4th 464, 474, 37 Cal. Rptr. 2d 259, 856 P.2d 1252 (1995). A citation to Duvall indicates that a petitioner failed to state his claim with sufficient particularity for the state court to examine the merits of the claim and/or has failed to "include copies of reasonably available documentary evidence supporting the claim, including pertinent portions of trial transcripts and affidavits or declarations." Id.

In Kim v. Villalobos, 799 F.2d 1317 (9th Cir. 1986), the Ninth Circuit considered a state petition denied with a citation to In re Swain, 34 Cal. 2d 300, 209 P.2d 793 (1949). Like Duvall, in Kim, the Ninth Circuit found that the California Supreme Court's citation to Swain indicated that the petition was denied because it was not alleged with sufficient particularity and that this deficiency could be cured with a subsequent petition. Thus, citing to Swain is "deemed a denial of the petition on procedural grounds, leaving state remedies unexhausted." Kim, 799 F.2d at

1319.

However, in Kim, the Ninth Circuit also explained that it was incumbent on the on the district court to independently examine the petitioner's petition to the California Supreme Court to determine whether the federal standard of "fair presentation " of a claim to the state courts had been met. "Fair presentation" requires only that the claims be pleaded with as much particularity as is practicable. See Kim, 799 F.2d at 1320.

Upon analyzing Petitioner's state habeas petition to the California Supreme Court, it appears as if Petitioner has "fairly presented" his equal protection claim. In his state habeas petition to the California Supreme Court, Petitioner argued as follows:

> Mr. Seeboth and his class do not have equal protection rights a violation of the Fourteenth Amendment of the United States Constitution and Art. 1 § 7 of the California Constitution. SVP's, MDO's [mentally disordered offender] and NGI's [not guilty by reason of insanity] are similarly situated in that the normal demands of due process require a trial prior to the expiration of their commitment terms, since the state new in advance that a trial was needed and could have provided one but chose not to.
>
> MDO's and §§ 2972(a) and 1026(b)(2) which require that recommitment trials must start 30-days prior to the expiration of the current commitment term or upon good cause is so delayed. No such protection is offered SVP's and as a result we are disadvantaged and must wait for our trials (almost 60 months after the expiration of my last commitment September 9, 2005)
>
> The Legislature nor [Proposition] 83 bother to explain why SVP's were excluded from receiving the same protections and are thus disadvantaged, and without that explanation to show why SVP's are not similarly situated the denial of equal protection runs afoul of both the California [Art.] 1 § 7 and the United States Constitution Fourteenth Amendment.

(Resp't's Lodged Doc. 20.) Based on these arguments presented to the California Supreme Court by Petitioner, he has exhausted his equal protection argument.

Petitioner's argument is that unlike MDO and NGI persons, persons committed under the SVPA do not have a set time for when their trial must commence. The relevant statute for NGI's states that:

14

> The court shall conduct a hearing on the petition for extended commitment. The trial shall be by jury unless waived by both the person and the prosecuting attorney. The trial shall commence no later than 30 calendar days prior to the time the person would otherwise have been released, unless that time is waived by the person or unless good cause is shown.

CAL. PENAL CODE § 1026.5(b)(4). The relevant statue for MDOs states that:

> The court shall conduct a hearing on the petition under Section 2970 for continued treatment. The court shall advise the person of his or her right to be represented by an attorney and of the right to a jury trial. The attorney for the person shall be given a copy of the petition, and any supporting documents. The hearing shall be a civil hearing, however, in order to reduce costs the rules of criminal discovery, as well as civil discovery shall be applicable.
>
> The standard of proof under this section shall be proof beyond a reasonable doubt, and if the trial is by jury, the jury shall be unanimous in its verdict. The trial shall be by jury unless waived by both the person and the district attorney. The trial shall commence no later than 30 calendar days prior to the time the person would otherwise have been released, unless the time is waived by the person or unless good cause is shown.

Id. § 2972(a). Comparatively, the SVPA does not have a set time period when trial must commence.[2]

There is no clearly established federal law from the United States Supreme Court which recognizes an equal protection challenge to a state's treatment of SVP's in relation to its treatment of other civil detainees such as MDO's and NGI's. See Naylor v. Ahlin, Civ. No. 10-39, 2011 WL 5299262, at *4 (E.D. Cal. Nov. 2, 2011) ("The Supreme Court has never held in the context of individuals involuntarily civilly committed that the Constitution requires that a state must hold a judicial hearing at specified intervals to determine whether continued commitment is necessary."); see also id. at 12 (denying SVP's claim for habeas relief that his equal protection rights were violated because MDOs and NGIs can more readily obtain judicial

---

[2] It is worth noting that Petitioner is not without any type of review of his condition. California does provide for mandatory, annual review of an SVP's continued commitment by the mental health department. See CAL. WELFARE & INST. CODE § 6605(a).

15

review of their commitments because there is a lack of United States Supreme Court authority directly on point); Russ v. Ahlin, Civ. No. 09-1904, 2011 WL 4048776, at *11 (E.D. Cal. Sept. 9, 2011) ("[T]here is no clearly established federal law recognizing an equal protection challenge to a state's treatment of SVP's in relation to its treatment of other civil detainees such as MDO's and NGI's."). Accordingly, Petitioner is not entitled to federal habeas relief on this Claim. See 28 U.S.C. § 2254(d)(1); Carey v. Musladin, 549 U.S. 70, 76-77 (2006) ('[g]iven the lack of holdings from [the Supreme Court] regarding [petitioner's claim, it cannot be said that the state court unreasonably applied clearly established federal law"); Brewer v. Hall, 378 F.3d 952, 955 (9th Cir. 2004) ("[i]f no Supreme Court precedent creates clearly established federal law relating to the legal issue the habeas petitioner raised in state court, the state court's decision cannot be contrary to or an unreasonable application of clearly established federal law).

Petitioner cites to Baxstrom v. Herold, 383 U.S. 107 (1966) in support of this Claim. In Baxstrom, the issue was whether the petitioner's equal protection rights were violated by a statutory procedure under which a person can be civilly committed at the expiration of his penal sentence without the jury review available to all other persons civilly committed in New York. The Supreme Court determined that the petitioner's equal protection rights were violated by such a provision. See id. at 110. The Supreme Court explained that under the statutory provision at issue, "all persons civilly committed . . . other than those committed at the expiration of a penal term, are expressly granted the right to de novo review by a jury trial of the question of their sanity." Id. In analyzing the issue, the Supreme Court explained that "[e]qual protection does not require that all persons be dealt with identically, but it does require that a distinction made have some relevance to the purpose for which the classification is made." In Baxstrom, the Supreme Court determined that "there was no conceivable basis for distinguishing the commitment of a person who is nearing the end of a penal term from all other civil commitments." Id. at 111-12.

The Fourteenth Amendment's Equal Protection Clause "is essentially a direction that all

persons similarly situated should be treated alike." Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985).  Petitioner can establish an equal protection claim by showing that similarly situated individuals were treated differently without a rational basis for the difference in treatment.  See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (per curiam).  To state an equal protection claim under this theory, Petitioner must allege that:  (1) he was intentionally treated differently from other similarly situated; and (2) there is no rational basis for the difference in treatment.  See Engquist v. Oregon Dep't of Agric., 553 U.S. 591, 601 (2008).

Unlike the holding in Baxstrom, courts have noted there is a rational basis in the differing treatment between SVPs as compared to MDOs and NGIs.  See Hubbart, 379 F.3d at 781-82 ("[T]he SVPA is narrowly tailored to further the state's compelling interest in identifying and containing sexually violent prisoners before they are released from custody."); Robinson v. Mayberg, Civ. No. 09-346, 2010 WL 2196564, at *12 (S.D. Cal. May 27, 2010) (holding that the difference in treatment of SVPs as compared to NGIs and MDOs is justified by the state's legitimate interest in protecting the public from violent sexual offenses), aff'd, 451 Fed. Appx. 690 (9th Cir. 2011); Russ, 2011 WL 4048776, at *13 ("The California legislature's decision to impose different procedures with regards to its SVPs is well-supported by the SVP's increased risk of recidivism, the relative lower rates of success in reaching a cure for the SVPs' mental disorders, as well as the victim's vulnerability.").  Thus, Petitioner's reliance on Baxstrom is unavailing under these circumstances.

Accordingly, in light of the lack of clearly established federal law from the Supreme Court on Claim II, the state courts' rejection of this Claim cannot be said to have been an unreasonable application of clearly established federal law.  Furthermore, several federal courts have determined that there is a rational basis for the different procedures allotted to SVPs as compared to MDOs and NGIs which would provide yet another reason for rejecting Petitioner's equal protection argument.  Therefore, Claim II should be denied.

//

## VI. CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus be DENIED.

The findings and recommendations is submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with the findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). In any objections he elects to file, Petitioner may address whether a certificate of appealability should issue in the event he elects to file an appeal from the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: July 2, 2012

TIMOTHY J BOMMER
UNITED STATES MAGISTRATE JUDGE